

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,269 | 10/02/2006 | 5343445 | 10505-333854 | 7070 |

7590   11/19/2007

James B. Thompson, Esq.
MILLER, MILLER & CANBY
200-B Monroe Street
Rockville, MD 20850

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 11/19/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

William K. Weimer
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,269*.

PATENT NO. *5,343,445*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue** *Ex Parte Reexamination Certificate* | 90/008,269 | 5343445 |
| | Examiner | Art Unit |
| | James Menefee | 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: <u>28 September 2007</u>.
    (b) ☐ Patent owner's late response filed: _____.
    (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
    (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (e) ☐ Other: _____.

    Status of *Ex Parte* Reexamination:
    (f) Change in the Specification:   ☐ Yes ☒ No
    (g) Change in the Drawing(s):      ☐ Yes ☒ No
    (h) Status of the Claim(s):
        (1) Patent claim(s) confirmed: <u>22 and 23</u>.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): <u>1-3, 19 and 20</u>.
        (3) Patent claim(s) cancelled: _____.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some*   c)☐ None   of the certified copies have
        ☐ been received.
        ☐ not been received.
        ☐ been filed in Application No. _____.
        ☐ been filed in reexamination Control No. _____.
        ☐ been received by the International Bureau in PCT Application No. _____.
    * Certified copies not received: _____.

7. ☒ Note attached Examiner's Amendment.

8. ☒ Note attached Interview Summary (PTO-474). (2)

9. ☒ Other: <u>claims 4-18 and 21 were not reexamined</u>.

cc: Requester (if third party requester)

Application/Control Number: 90/008,269 Page 2
Art Unit: 3992

## Examiner's Amendment with

## Notice of Intent to Issue Reexamination Certificate

This is an *ex parte* reexamination of U.S. Patent No. 5,343,445 ("the '445 patent"). By patent owner's amendment filed 9/28/2007, claims 1 and 19 were amended. Claim 1 is further amended herein by examiner's amendment. The status of the claims is as follows:

Claims 1-3, 19-20, and 22-23 are subject to reexamination.

Claims 4-18 and 21 are not subject to reexamination and have not been reexamined.

Claims 1 and 19 are amended.

Claims 2-3 and 20 are not themselves amended, but depend from an amended claim.

Claims 22-23 remain as in the '445 patent.

### *Terminal Disclaimer*

In light of the terminal disclaimer filed in copending reexamination proceeding 90/008,246, the previously presented double patenting rejections are now obviated.

### *Information Disclosure Statement*

The Information Disclosure Statement filed 9/28/2007 is considered on the attached signed sheets. It is noted that the court documents are lined through as not considered. Items like court documents are evidence, but are not prior art as such, and therefore will not be placed on the face of the patent or reexamination certificate; such evidence is therefore inappropriate for an IDS and thus the items are lined through. The examiner notes for the record that the evidence has been read and considered in its entirety.

Application/Control Number: 90/008,269 Page 3
Art Unit: 3992

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. The changes were approved in a telephone conversation with Erik Cherdak on 11/6/2007, and are made to avoid improper broadening of claim 1; in the prior amendment the "within said shoe" limitations were deleted from parts (a) and (b) of the claim; that change could have conceivably broadened the claim by allowing of sensing, for example, on the exterior of—rather than within—the shoe. Mr. Cherdak noted that the removal of the "within said shoe" limitation in the previous amendment was inadvertent and was not intended to alter the claim scope. The changes made by this examiner's amendment will be reflected in the reexamination certificate to issue in due course. Claim 1 is amended as follows:

1. (Amended) A method for indicating hang time off the ground and in the air during a jump by a person wearing an athletic shoe, said method comprising the steps:

(a) sensing, within said shoe, [when said] <u>pressure imparted to said shoe when said</u> shoe leaves the ground during said jump;

(b) sensing, within said shoe, [when said] <u>pressure imparted to said shoe when said</u> shoe returns to the ground at the end of said jump; and

(c) activating a hang time indicator on said shoe during the time interval between said shoe leaving and returning to the ground as sensed in steps (a) and (b), respectively, said indicator providing an indication of hang time in a manner perceptible to said person.

### *Potential Broadening of Claim 19*

In patent owner's amendment, limitations were added to claim 19, but limitations were also removed; the examiner therefore finds it necessary to determine if the claim has been improperly broadened. The examiner finds the amendment was proper and did not broaden the claim. Mr. Cherdak, in the same telephone discussion mentioned above, stated that he did not believe the amendments to claim 19 constituted improper broadening. The examiner agrees for the above reasons. Even though limitations were removed from the claim, the examiner finds such limitations remain necessarily present in the claim and thus there is no broadening.

It is inherent that a "pressure responsive means for responding to pressure imparted to said shoe" is necessarily on said shoe. It must be on said shoe in order to respond to pressure imparted to said shoe; it could not respond to pressure at the shoe without being on the shoe.

It is additionally inherent in the claim that the shoe is on the foot of an individual during a jump. For the pressure responsive means to be capable of responding to pressure imparted to the shoe during the jump, and be capable of providing a signal in response to the shoe leaving the ground at the beginning of the jump, the individual must necessarily be wearing the shoe during the jump, therefore the shoe is inherently on the foot of an individual.

Application/Control Number: 90/008,269 Page 5
Art Unit: 3992

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

Claims 1-3 and 19-20 are patentable. Claims 22-23 are confirmed. The examiner has no opinion as to claims 4-18 and 21, which were not reexamined. The following is an examiner's statement of reasons for patentability/confirmation of these claims:

Regarding claim 1, there is not taught or disclosed in the prior art a method for indicating hang time off the ground and in the air during a jump by a person wearing an athletic shoe, comprising sensing within said shoe pressure imparted to said shoe when said shoe leaves the ground during said jump, sensing within said shoe pressure imparted to said shoe when said shoe returns to the ground at the end of said jump, and indicating the hang time as claimed.

Regarding claim 19, there is not taught or disclosed in the prior art an athletic shoe as claimed including pressure responsive means for responding to pressure imparted to said shoe during a jump for providing a signal in response to the shoe leaving the ground at the beginning of the jump and removing the signal in response to the shoe returning to the ground at the end of the jump.

Regarding claim 22, there is not taught or disclosed in the prior art an apparatus as claimed in an athletic shoe for indicating the time that the shoe is off the ground and in the air during a jump by a person wearing the shoe comprising a pressure responsive switch producing a signal when said shoe is off the ground and in the air.

Application/Control Number: 90/008,269 Page 6
Art Unit: 3992

As to these claims, the Goldston patent (U.S. Patent No. 5,303,485) is the closest prior art. Goldston differs from the claimed invention in that its switch is operational due to the heel of the foot leaving the footbed within the shoe; in other words, Goldston is concerned only with the relative location of the foot within the shoe, and is not concerned with the location of the shoe itself, that is, on the ground or in the air. Goldston therefore lacks the limitations of sensing "pressure imparted to said shoe when said shoe leaves the ground during said jump . . . [and] when said shoe returns to the ground at the end of said jump" as in claim 1. Goldston lacks "pressure responsive means for responding to pressure imparted to said shoe during a jump" and providing/removing signals when the shoe leaves/returns to the ground as in claim 19. And Goldston lacks "a pressure responsive switch producing a signal when said athletic shoe is off the ground and in the air." As all of these claims require the switch to react based on the location of the shoe (i.e. ground vs. air), and Goldston's switch is not concerned with the location of the shoe, then Goldston cannot anticipate the claims.

Regarding claims 2-3, 20, and 23, the claims are patentable/confirmed at least due to their dependence on one of the above claims.

The examiner reiterates that the above claims were given the claim construction as described in the action mailed 9/1/2007, p. 2. Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

Application/Control Number: 90/008,269     Page 7
Art Unit: 3992

## NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Application/Control Number: 90/008,269  Page 8
Art Unit: 3992

## *Conclusion*

Patent owner is reminded that a formal reply to the interview of 11/6/2007 authorizing the examiner's amendment must be provided within one month of the interview date. See MPEP 2281. If patent owner has already provided a formal response this reminder may be disregarded.

**All** correspondence relating to this *ex parte* reexam proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

    Mail Stop *Ex Parte* Reexam
    ATTN: Central Reexamination Unit
    Commissioner for Patents
    P.O. Box 1450
    Alexandria, VA 22313-1450


By FAX to:   (571) 273-9900
               Central Reexamination Unit


By hand to:  Customer Service Window
               Randolph Building
               401 Dulany St.
               Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Application/Control Number: 90/008,269  Page 9
Art Unit: 3992

Signed:

*[signature]*

James Menefee
Primary Examiner
Central Reexamination Unit 3992
(571) 272-1944

November 7, 2007

Conferees:

*Ovidio Escalante*

*[signature]*