REMARKS

Typographical errors in the specification have been corrected.

Original claims 1 - 17 have been replaced by new claims 18 - 40.

Claims 18 - 40 are presented for consideration.

The courtesy extended by Examiner Miska to the inventor and applicant's attorney during an interview on March 17 1994, is gratefully acknowledged. At that interview the inventor presented arguments against the rejection under 35 U.S.C. §112 as set forth in the Office Action of December 21, 1993. After the interview the Examiner agreed to reconsider the rejection and inform applicant's attorney by telephone of the result of his reconsideration. On March 18, 1994 the Examiner telephoned applicant's attorney to indicate that the Examiner would likely withdraw the §112 rejection if applicant incorporates, in the response to the outstanding office action, those arguments presented orally at the interview. The Examiner also suggested that applicant consider U.S. Patent Nos. 4,848,009 (Rodgers, not previously of record) and 4,578,769 (Frederick, of record). The Examiner stated that the Rodgers patent discloses a shoe containing a timer and lights, wherein the timer turns off the lights when the shoe is stable. The Examiner offered the opinion that the operation of the circuitry in the Rodgers patent could be interpreted to produce a measurement of the time that the shoe is in the air by "looking at the lights". The Frederick patent was described as relevant because it discloses measuring speed by sensing the time that a shoe is off the ground.

8

Considering first the rejection under 35 U.S.C. §112, the basis for the rejection was that applicant's disclosure is insufficient to enable a person skilled in the art to make and use the invention. The Examiner objected specifically to the disclosure of a single switch 1105 (or 4110) to start and stop a timing interval, reset the timing device upon each actuation, enable a display to hold data without being reset, and actuate a threshold device to permit the display to be activated. The Examiner also required disclosure of the type of switch and circuitry that could be implemented in applicant's invention.

As described at the interview, the multiple functions required in response to each of repetitive actuations of switch 1105 (or 4110) are readily accommodated by a properly programmed four-bit or eight-bit microprocessor having suitable support circuitry. This is described in applicant's specification in the paragraph overlapping pages 8 and 9. As also pointed out at the interview, since all of the functions required to be performed in response to actuation of the switch are described in detail in the specification, even a novice electronics or software engineer would have sufficient knowledge to embody those functions in circuity and/or a programmed microprocessor. Further, as a practical matter, providing multiple functions, not necessarily precisely simultaneously, in response to each actuation of a switch, has long been commonplace and achieved in a routine manner by such expedients as: (a) providing a trigger pulse (e.g., from a Schmitt trigger) having a duration that is finite but insignificant

9

relative to the measured time, so that the leading and trailing edges of the trigger pulse can be utilized to accomplish different functions; and/or (b) using a fast clock, in addition to the time-measuring clock pulses, to accomplish the various housekeeping functions of reset, and the like, between successive time-measuring clock pulses. In this regard, there are references of record in this application which deal with those same issues, for example; Smith (5,125,647); Myers (4,309,599) and Dassler (4,736,312).

With respect to the disclosure concerning switch 1105 (or 4110), it is believed that the reference made in applicant's specification to the L.A. Gear switch is adequate since such switches are incorporated into shoes being sold to the public. In addition, however, there are numerous references in the record of this application that disclose switches of the type that may be employed in applicant's invention. For example, the Examiner's attention is directed to U.S. Patent Nos.: 4,956,628 (Furlong, see transducers 10, 11); 4,814,661 (Ratzleff et al, see sensor 31); 4,763,287 (Gerhaeuser et al, see sensor D2); 4,402,147 (Wu, see switch contacts 3, 4, 15); etc. In view of the foregoing, it is submitted that the rejection of the claims based on insufficient disclosure is improper and should be withdrawn.

On the issue of patentability of the claims, the claims presently in the application all relate to a method or apparatus for indicating, <u>in</u> a <u>single</u> shoe, the hang time of a jump (i.e., the time that the shoe, when worn by a person, is off the ground and in the air). All of the components associated with this method

10

and apparatus are mounted in or on the single shoe, and all of the method steps are performed in or on the single shoe. Considering first the Rodgers patent, the shoe disclosed therein is specifically designed to energize LEDs when the shoe is tilted (i.e., oriented other than with its sole horizontal). In this regard, a mercury switch is disclosed by Rodgers as the primary embodiment of the sensor. The LEDs in the Rodgers shoe are sometimes energized while the shoe remains on the ground (e.g., when the wearer turns his/her foot, stands on his/her toes, rocks on his/her heels, etc.). In addition, if the wearer jumps, the LEDs do not become energized unless the shoe is tilted. Further, when the wearer lands after a jump, the LEDs, if energized during the jump, will not become de-energized until the shoe is horizontal and the mercury in the switch becomes positionally stabilized. Accordingly, the LEDs in the Rodgers apparatus do not provide an indication of hang time off the ground and in the air.

The Frederick patent similarly does not include hang time. In addition, although a transmitter, battery and sensor are located in a shoe, all of the timing and indicating elements are located elsewhere. More specifically, Frederick is concerned with measuring a runner's speed, and provides no indication whatsoever of hang time. The signal employed to compute speed relates to "the time the foot is in <u>contact</u> with the surface" (emphasis added), not the time the shoe is off the ground and in the air.

It is submitted, for the reasons stated above, that neither Rodgers nor Frederick, taken individually or in combination, render

11

the claims in this application unpatentable.  Accordingly, it is submitted that the present application, with claims 18 - 40, is in condition for allowance.  Early action to that effect is earnestly solicited.

                                              Respectfully submitted,

                                              Ira C. Edell
                                              Registration No. 24,119

Epstein, Edell & Retzer
1901 Research Boulevard
Suite 220
Rockville, Maryland 20850
(301) 424-3640

Hand-Delivered: <u>April 21, 1994</u>

12