## REMARKS

This paper is a SUPPLEMENTAL AMENDMENT which is submitted in further response to the Office Action mailed September 1, 2007, and in accordance with a telephonic interview with Examiner Menefee on November 6, 2007. It is believed that no fees are due and/or are owing in connection with the filing of this paper. However, if the office believes that such fees are due, office personnel are invited to contact the undersigned patent owner at the address and telephone number listed below. Per this paper, claims 1-26, as added and as amended, are pending in U.S. Patent No. 5,452,269 to Cherdak and are in condition for mention in a reexamination certificate which confirms the patentability of said claims.

It is now earnestly requested that the following remarks be made of record in the files pertaining to the Reexamination of U.S. Patent No. 5,452,269 to Cherdak and that a Certificate confirming patentability of claims 1, 4, 6, 7, 12, 13, and 16, as amended, be issued by the U.S. Patent and Trademark Office.

**I.     The Telephonic Examiners' Interview on November 6, 2007 – the Patent Owner's Statement as to the substance of the interview in accordance with M.P.E.P. § 2281:**

On November 6, 2007, the patent owner and Examiner James Menefee spoke on the telephone regarding the status of the two pending reexamination proceedings in connection with U.S. Patent Nos. 5,343,445 and 5,452,269, respectively. The patent owner would like to thank Examiner Menefee for taking the time to discuss the merits of the patents under re-examination and for concluding that said patents contain patentable

*Reexamination Control No.*                    5
*90/008,246*

subject for which confirmation certificates shall soon be issued by the USPTO. The following remarks summarize the points addressed during the telephonic Examiner Interview:

1. The patent owner and Examiner Menefee discussed certain proposed amendments of form to claim 1 of U.S. Patent No. 5,343,445 (Reexamination Control No. 90/008,269). In particular, the patent owner and Examiner Menefee agreed that the language "within said shoe" was inadvertently removed from elements (a) & (b) of that claim by way of incorrect placement of amending brackets (i.e., text cancellation brackets). The Examiner indicated that he would prepare an "Examiner's Amendment" to correct this matter of form, and that such an Amendment would not affect the scope or coverage of said claim 1 of the '445 patent post reexamination or otherwise. Examiner Menefee indicated that such amendment to form was the only outstanding issue in the reexamination proceeding related to U.S. Patent No. 5,343,445 and that the USPTO now intends to issue a Notice of Intent to Issue *Ex Parte* Reexamination Certificate (NIRC) and a corresponding Reexamination Certificate confirming patentability of the claims under reexamination. The patent owner thanks Examiner Menefee in advance for taking on the extra burden of preparing an Examiner's Amendment and for placing the same in the record in the aforementioned reexamination proceeding related to U.S. Patent No. 5,343,445.

2. The patent owner and Examiner Menefee again discussed the reasonableness of the patent owner's claim interpretation points raised in the case styled

*Reexamination Control No.*                  6
90/008,246

PAGE 8/11 * RCVD AT 11/7/2007 9:26:53 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/9 * DNIS:2739900 * CSID:3015190866 * DURATION (mm-ss):04-58

*Cherdak v. Target.* (stayed pending reexamination – U.S. District Court for the District of Maryland, Judge Chasanow). Examiner Menefee again pointed out that the USPTO took the position that the patent owner's claim interpretation points were both reasonable and proper and were relied upon by the USPTO in forming and issuing the Office Action mailed September 1, 2007. Examiner Menefee acknowledged that the patent owner's claim interpretation points were properly laid out and were consistent with the enabling disclosures of U.S. Patent Nos. 5,343,445 and 5,452, 269 to Cherdak (the patents under reexam). And further, Examiner Menefee indicated that the claims (those added, those amended and those remaining as issued per reexamination) were adequately supported and enabled by the specifications of the respective patents under reexamination. And, on a related note, actual Target SPOTLITES™ brand athletic shoes and corresponding lighting modules of the same which form a basis of the aforementioned Federal District Court case (*Cherdak v. Target*) were shown to the three Examiners at the in-person Examiners' Interview on September 18, 2007, and the patent owner and the Examiners examined the same; the patent owner and the Examiners examined the athletic shoes and noted a shoe upper member, and a sole member which further included a cavity in the heel portion thereof in which circuitry is housed in a lighting module. As demonstrated at the Examiners' Interview, the lighting module in the cavity in the sole member includes a pressure responsive switch which produces a signal when the athletic shoe is off the ground and in the air during a jump, for example. The

*Reexamination Control No.*          7
**90/008,246**

PAGE 9/11 * RCVD AT 11/7/2007 9:26:53 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/9 * DNIS:2739900 * CSID:3015190866 * DURATION (mm-ss):04-58

patent owner and the Examiners immediately acknowledged the presence of a plurality of light emitting diodes disposed on the athletic shoes. As noted in the Office Action of September 1, 2007, the plurality of light emitting diodes (LEDs) are configured to emit light during (at some time in) the period of time when the athletic shoe is off the ground and in the air during a jump, for example, to provide a visual (e.g., perceivable by the eye) indication (e.g., a quantity of blinks/flashes) of the amount of time that the athletic shoe is off the ground and in the air during the jump, for example. The circuitry also includes a controller in the cavity in the sole member which is connected to the switch and to the plurality of LEDs (via lead wires, etc.). The controller is responsive to the signal produced by the switch (e.g., produced by switch closure as a result of pressures imparted to the shoe during a jump, for example) to cause the LEDs to emit light during the period of time that the shoe is off the ground and in the air. The patent owner and the Examiners immediately recognized that the lighting module in the sole member of the Target SPOTLITES™ brand shoes shown and discussed at the Examiners' Interview on September 18, 2007, includes a battery (a power source) that is connected to the switch, to the LEDs, and to the controller.

3. The patent owner and Examiner Menefee discussed the other amendments to the claims of the '269 patent. In particular, Examiner Menefee indicated that such amendments to claim 1 of the '269 patent are acceptable and that claim 1 is in condition to be mentioned in a certificate confirming the patentability of the same.

*Reexamination Control No.*                          8
**90/008,246**

PAGE 10/11 * RCVD AT 11/7/2007 9:26:53 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-6/9 * DNIS:2739900 * CSID:3015190866 * DURATION (mm-ss):04-58

4. Finally, the patent owner and Examiner Menefee discussed the fact that NIRCs and corresponding certificates confirming patentability of the claims of both the '445 and '269 patents would soon issue.

## II.   Conclusions:

This **SUPPLEMENTAL AMENDMENT** has been filed in further response to the Office Action mailed September 1, 2007, and in accordance with a telephonic interview with Examiner Menefee held on November 6, 2007. It is believed that no fees are due and/or are owing in connection with the filing of this paper. However, if the office believes that such fees are due, office personnel are invited to contact the undersigned patent owner at the address and telephone number listed below. Per this paper, claims 1-26, as amended, are pending in U.S. Patent No. 5,452,269 to Cherdak and are in condition for mention in a Reexamination Certificate which confirms the patentability of said claims.

It is now earnestly requested that the amendments to the claims and the remarks presented above be made of record in the files pertaining to the Reexamination of U.S. Patent No. 5,452,269 to Cherdak and that a Certificate confirming patentability of claims 1, 4, 6, 7, 12, 13, and 16, as amended, be issued by the U.S. Patent and Trademark Office.

Respectfully submitted,

Erik B. Cherdak
Patent Owner
USPTO Reg. No. 39,936

Date: 11/7/07
149 Thurgood Street
Gaithersburg, Maryland 20878
240.893.0438, Fax-301.519.0866
efunds@yahoo.com

*Reexamination Control No.*            9
  90/008,246